# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

Lyle W. Cayce
Clerk

RONALD PARHAM,

Plaintiff–Appellant

v.

RYDER SYSTEM, INCORPORATED, Previously Misnamed as Ryder Freight
System, doing business as Ryder Truck Rental and Leasing,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 3:13-CV-923

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

This is an appeal of a personal-injury tort case under Texas law.
Plaintiff–Appellant Ronald Parham sustained injuries to his back and body
when he fell from a rental truck trailer at a distribution center. Parham sued
Defendant–Appellee Ryder System, Incorporated (Ryder System). Parham
alleged that Ryder System was his employer and that it provided him an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10191

unsafe workplace or unsafe equipment in violation of Texas tort law. The district court granted Ryder System's motion for summary judgment, concluding that there was no genuine dispute of material fact whether Ryder System was Parham's immediate employer or whether it exercised control of the rental truck from which Parham fell. We affirm.

## I.    BACKGROUND

In 2010, Parham sustained injuries to his knee, shoulder, back, and body when he fell at the distribution facility of PrimeSource Building Products, Inc. Parham was securing equipment to a delivery truck when he fell due to a four-foot "difference between two levels of the truck which [he] had to go between without any steps or a ladder to hold onto." Parham further alleges that Ryder System "was coordinating and controlling the site where [he] was injured," and was responsible "for safety on the site and supervision of the employee."

Ryder System insists that it did not possess, own, maintain, or control the premises or the trailer upon which Parham was injured. It further maintains that it never had an employment relationship with Parham.

Parham filed a lawsuit in state court asserting claims of negligence and gross negligence. Ryder System removed the case to federal court and moved for summary judgment.

The district court granted Ryder System's motion for summary judgment because Parham's evidence was "insufficient to raise an issue of fact as to whether [Ryder System] was his immediate employer." Specifically, the court reasoned that, although Parham raised "a genuine issue of fact as to whether [Ryder System] exercised some sort of control over Parham's employment," the record on summary judgment "shows that [Ryder System] was not Parham's immediate employer." Because "Parham fail[ed] to raise an issue of fact as to whether [Ryder System] exercised control over the aspects of safety that led to [Parham's] injury," the district court concluded that Parham failed to raise a

2

genuine dispute of material fact as to whether Ryder System owed him a duty to maintain a safe workplace or safe equipment.

Parham timely appealed the district court's decision granting Ryder System's motion for summary judgment.

## II.    JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction based on diversity of citizenship because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). This Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's decision granting summary judgment. We review a grant of summary judgment de novo. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *See Coleman*, 113 F.3d at 533. Even so, conclusory allegations will not defeat a properly supported motion for summary judgment. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003) (citing Fed. R. Civ. P. 56(e)).

In this diversity case, we apply Texas substantive law. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam). "To determine Texas law, this court looks first to the final decisions of the Texas Supreme Court." *Id.* If the Texas Supreme Court has not spoken on an issue, we "predict how the Texas Supreme Court would decide the issue . . . by looking to the precedents established by intermediate appellate courts." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564–65 (5th Cir. 2004) (citation and internal quotation marks omitted).

## III.    DISCUSSION

Parham argues the district court's decision granting Ryder System's motion for summary judgment was erroneous because the evidence establishes that Ryder System was Parham's employer and therefore owed him a duty to provide a safe workplace.  Ryder System counters the "district court properly determined that Parham's mere allegations of duty without proof that Ryder System exercised . . . control over the specific aspects of the premises or equipment that allegedly caused his injury are insufficient" to defeat summary judgment.

To establish negligence under Texas law, the plaintiff must "establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam).

The principal issue on appeal is whether Ryder System owed Parham a duty of care.  "Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists."  *Id.* (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).  Under Texas law, an "employer is not an insurer of its employees' safety at work; however, an employer does have a duty to use ordinary care in providing a safe work place."  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

The existence of an employment relationship alone is not enough, however, to establish a duty of care; the  plaintiff must show that the defendant exercised control over the premises where the injury occurred.  The Texas Supreme Court reached this conclusion in the landmark case *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993).  There, an Exxon service-station employee was injured during an armed robbery, and he sued the Exxon Corporation for failure to maintain a safe workplace. *Id.* at 20.  The Texas Supreme Court reversed the bench-trial verdict for the employee and

remanded for a determination "whether Exxon had the right to control the alleged security defects that led to [the employee's injury]." *Id.* at 23.

Applying *Exxon* in the summary-judgment context, Texas intermediate appellate courts require the plaintiff to present some evidence to establish a genuine issue of fact whether the defendant exercised control over the equipment or premises on which the plaintiff was injured. *Morris v. Scotsman Industries, Inc.* is instructive on this point. 106 S.W.3d 751 (Tex. App.—Fort Worth 2003, no writ). There, an employee was injured on the job while loading a forklift. *Id.* at 752. He was employed by Kysor Panel Systems, a wholly owned subsidiary of Scotsman Industries (Scotsman). *Id.* He sued the parent company Scotsman, and Scotsman moved for summary judgment arguing that it owed him no duty of care. *Id.* at 752–53. The trial court granted summary judgment and the court of appeals affirmed. *Id.* at 753. The court of appeals reviewed the summary-judgment record and "found no evidence that would raise an issue of fact as to Scotsman's control or right of control over Kysor's forklift operations." *Id.* at 756.

So too here. As the district court correctly concluded, there is a genuine dispute of fact whether Ryder System had some sort of an employment relationship with Parham; however, there is no evidence that Ryder System exercised control over the rental truck, trailer, or work site where Parham was injured. Ryder System's Senior Vice President Sanford Hodes testified at his deposition that Ryder System "did not own, lease, possess or otherwise control" the trailer from which Parham fell. Parham himself testified at his deposition that XTRA Lease—not Ryder System—owned the trailer and leased it to PrimeSource. PrimeSource, notably, operated the distribution facility where Parham fell. In light of this evidence, Ryder System satisfied its initial summary-judgment burden, and the burden shifted to Parham to "set forth and support by summary judgment evidence specific facts showing the

existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986)).  Parham did not meet this burden.  Therefore, the district court properly granted Ryder System's motion for summary judgment.

Parham's argument—that because Ryder System had a relationship with Parham, it therefore "had a duty to provide Parham with a safe work place"—is unavailing in light of Texas case law to the contrary.  Parham directs the Court to various circumstantial evidence that suggests that Ryder System is in a parent–subsidiary relationship with Parham's immediate employer.  Specifically, Parham points out that his initial job application stated that "exceptions [to the employment policy] are permitted only when they are signed by the Chief Executive Officer of Ryder System, Inc."  Moreover, email correspondence describing a confrontation between Parham and a coworker indicates that some of Parham's supervisors' email addresses include the words "RYDERSYSTEMINC."  This information is merely consistent with a parent–subsidiary relationship between Ryder System and Parham's immediate employer, but it does not establish that Ryder System owed Parham a duty of care.  *Cf. Morris*, 106 S.W.3d at 752, 756 (noting the parent–subsidiary relationship between the defendant and the plaintiff's immediate employer, and affirming summary judgment for the defendant nonetheless).

Moreover, this case is unlike *Brooks v. National Convenience Stores, Inc.*, 897 S.W.2d 898 (Tex. App.—San Antonio 1995, pet. dism'd).  There, a convenience-store employee sued his employer's subsidiary for injuries he suffered during a robbery.  *Id.* at 900.  The court of appeals reversed summary judgment because the plaintiff pointed to deposition testimony that established that the defendant promulgated the security policies.  *Id.* at 904–05.  The court held that this testimony revealed a genuine issue of fact whether the subsidiary exercised control over the safety and security of the workplace.

No. 14-10191

*Id.* at 905.   In contrast, here, there is no evidence that Ryder System promulgated policies concerning truck use or otherwise exercised control over the equipment or premises on which Parham was injured.   Therefore, summary judgment was proper.[1]

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of Ryder System's motion for summary judgment.

---

[1] Because we affirm the district court's grant of summary judgment, we need not decide Ryder System's alternative argument that Parham's suit is time-barred by the statute of limitations.